GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. AUGUSTA FABER.

No. 2481.

1.   **Res Adjudicata.**—Upon a second or other subsequent appeal this court adheres to its former rulings unless clearly shown erroneous.    Bomar v. Parker, 63 Texas, 435.

2.   **Testimony Held Insufficient to Show Negligence.**—A mother sued a railway company for negligently causing her son's death.    He was killed when employed on a train at the time at rest upon a switch track.    Another train passing ran upon the switch, making a collision in which the death was caused.    *Held*, the plaintiff was bound to show that the accident occurred through the neglect or incompetence of some one of her son's coemployes, and that the company did not exercise due care in his selection.    The testimony did not show this.    See facts.

3.   **Evidence to Prove Negligence.**—A scintilla of evidence or a mere surmise that there may have been negligence on part of the defendant clearly would not justify the trial judge in leaving the case to the jury; there must be evidence upon which they might reasonably and properly conclude that there was negligence.

4.   **Fact Case.**—See facts upon which it was error to submit the issue of negligence to the jury, there being no evidence to prove it.

APPEAL from Colorado.    Tried below before Hon. R. H. Phelps, Special District Judge.

The opinion discloses the case.

*W. N. Shaw,* for appellant.

*Foard & Thompson,* for appellee.    Counsel discussed the facts.

GAINES, ASSOCIATE JUSTICE.—This case was before this court at the

Galveston Term, 1885, and is reported in 63 Texas, 344. The judgment theretofore rendered in the lower court was then reversed on the appeal of the present appellant. On the second trial in the District Court the case was submitted to the jury upon the statement of facts prepared and filed for the purposes of the former appeal. We have therefore precisely the same case for adjudication, except in so far as it has been changed by the charge of the court. Now, as before, the charge is assigned as error; and in this appeal it is also complained that the court erred in refusing to instruct the jury to find a verdict for the defendant. Upon a second or other subsequent appeal this court adheres to its former rulings, unless clearly erroneous. Bomar v. Parker, 68 Texas, 435.

We see no reason to doubt the correctness of the former opinion, and it must be taken as the law of the case. That opinion holds that the charge of the court then under consideration was erroneous, because it authorized the jury to find for the plaintiff in the event they found that the death of her son was caused by the negligent conduct of Riley Mason, that he was an incompetent brakeman, and also that this was known, or ought to have been known, to the company's officials.

The suit was brought by plaintiff to recover damages by the death of her son. He was a fireman on a train on defendant's road which had been side tracked at Waelder to await the passing of another train. On account of a misplaced switch the expected train, as it approached the station, took the siding and collided with the waiting train and occasioned the death of the son. The only witnesses as to the causes of the accident were the engineer and a brakeman on the latter train, both of whom were introduced by plaintiff. The engineer testified that after his train had passed the station and backed upon the side track he saw Riley Mason throw the switch to its connection with the main track and properly fasten it, as it was his duty to do. He knew this was done, because within a short time thereafter a train running on the main track passed over the switch in safety, which could not have been done unless it had been properly placed. The brakeman Charles McVey also testified to the passage of the train on the main track a few minutes after the train on which the accident had occurred had moved upon the siding. This is a most important fact; and though capable of being disproved if not true, no attempt was made either to controvert the fact itself, or to rebut the almost conclusive inference from it that the switch was properly placed when Mason left it.

The engineer testified to acts of Mason on other occasions upon the same trip tending to show his incompetency in handling the switches. McVey also swore that he had previously left a switch open at Luling.

There was no evidence whatever tending to show that the accident was brought about by the carelessness or neglect of any other person. The plaintiff was bound to show that the accident occurred through the neglect

or incompetence of some one of the persons employed about the train, all of whom were her son's coemployes, and that the company did not exercise due care in his selection.    It follows, therefore, that if it was error, as held in the former opinion, to submit to the jury the question of Mason's negligence and incompetence, it was equally erroneous to submit to the jury the question of the negligence and incompetency of the company's servants in general.    In other words, if plaintiff failed to make out a case predicated upon Mason's negligence, she failed to make a case at all, and the court should have instructed the jury to find for the defendant.

In Toomey v. Railway Company, 3 Common Bench (N. S.), 146, it is said:  "A scintilla of evidence or a mere surmise that there may have been negligence on the part of the defendant clearly would not justify the judge in leaving the case to the jury; there must be evidence upon which they might reasonably and properly conclude that there was negligence."    This rule is expressly followed in several cases, and is sustained by the weight of authority.    Beauben v. Portland Co., 48 Me., 291; Lehman v. Brooklyn, 29 Barb., 234; Jackson v. Railway, 3 App. Cases (H. L.), 193; Jewell v. Parr, 13 C. B., 916; Ryder v. Wombell, L. R., 4 Ex., 38; Colton v. Wood, 8 C. B. (N. S.), 568; Whart. on Neg., sec. 421, note; 2 Thomp. on Neg., 1237.

We perceive the difficulty under which the plaintiff labored in having to make out her case by the testimony of the employes of the defendant. The accident occurred about 4 o'clock in the morning—an hour when no one was likely to be present except those engaged in operating the train. The testimony of the engineer shows that Riley Mason properly adjusted the switch.    In the absence of some countervailing proof, neither the court nor jury were warranted in disregarding his evidence.    Being plaintiff's witness, it must be assumed that the engineer saw Mason fix the switch and believed that he had properly placed and fastened it.

It may be that if the switch had been properly placed and not properly fastened a train could have passed over it in safety, and may, by the motion of its hindmost car, have changed the switch to the side track so as to turn a train moving in the opposite direction from the main track.    But this could not be known to the court or jury of their own knowledge. We do not say that if it had been proved by the testimony of experienced persons that such a result may have followed from the switch being properly placed, but left unfastened, the jury would not have been warranted in finding that the engineer was mistaken as to the fastening, and in concluding from this the accident was caused by the negligence of Mason.

Because the court erred in not charging the jury to find for the defendant, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered at Galveston February 21, 1888.