THE WESTERN UNION TELEGRAPH COMPANY v. A. C. HOUSEWRIGHT.

No. 252.

Telegraph Company — Charge of Court Without Issue.—Plaintiff in an action against a telegraph company for delay in delivering a message announcing the serious illness of his father, testified, that had it been promptly delivered he would have reached his father in time to have seen him alive, assuming that a certain train was then running on the railway by which he would have gone; but he further testified that he did not know whether such train was then running or not. Defendant's evidence showed that by the first train plaintiff could have taken, had the message been promptly delivered, he could not have reached his father's home until after the latter's death. *Held*, that the court erred in submitting to the jury the issue as to whether plaintiff would have been able to reach his father in time to see him alive.

APPEAL from Wilbarger.   Tried below before Hon. G. A. BROWN.

*Stanley, Spoonts & Meek*, for appellant.—The court erred in submitting to the jury the question of damages arising by reason of plaintiff's inability to see his father, as there was no evidence that he could have gotten to his bedside before the father's death if the telegram had been delivered promptly; but on the contrary, there was positive and uncontroverted evidence that he could not have arrived at the bedside of his father before the latter's death, had the message been promptly delivered. Cook v. Dennis, 61 Texas, 246; Railway v. Hennessy, 75 Texas, 155; Railway v. Hester, 7 S. W. Rep., 776.

*Stephens & Huff*, for appellee.—Where there is any evidence to support a theory presented by a party, it is proper for the court to submit the question for the finding of the jury, and their finding will not be disturbed on that point.   Rev. Stats., art. 1317.

HEAD, ASSOCIATE JUSTICE.—This suit was instituted by appellee to recover of appellant damage alleged to have been caused by its negligence in failing to promptly deliver a telegraphic message announcing

the serious illness of his father. The message was started on October 23, 1889, at 10:20 a. m., at Wylie, Texas, but was not delivered to appellee at Vernon until October 25, at 5 a. m. Appellee's father died at Wylie October 24, at 4 p. m.

Appellee, on direct examination, testified, in general terms, that had the message been promptly delivered on the 23rd, he could and would have reached Wylie in time to have seen his father alive, basing this upon the assumption that a train known as the "bob-tail" was at that time running between Wichita Falls and Fort Worth, which reached the latter place in the forenoon; but on cross-examination he said: "I think the 'bob-tail' was running at that time between Wichita Falls and Fort Worth. About that time circulars were being thrown around the streets to the effect that it would be put on. I do not know whether that 'bob-tail' was running on October 23, 24, or 25 or not. If it was not, I could not have arrived in Wylie until 11 o'clock p. m. on the night of the day on which my father died at 4 p. m., and I would therefore not have been able to see him alive; but I would have been there in time to have been present at his burial. I, of course, suffered more from not being able to see him before he died than I did from not being able to attend his funeral."

Appellant, in reply to this, introduced the train dispatcher, who exhibited the train sheets for those days, and testified that the only train besides the regular passenger that carried passengers between Wichita Falls and Fort Worth was a local freight, which left the former place at 5 a. m., and arrived at the latter at 5:45 p. m. of the same day.

In this state of the evidence, the court submitted to the jury the issue as to whether or not appellee would have been able to reach his father before his death, and in this we think there was error. We see no conflict in the evidence as to the running of these trains. It is conceded that appellee could not have reached his father by the regular passenger train until 11 p. m. of the day his father died at 4 p. m.; and by the only other train that carried passengers, he could not even have gotten to Fort Worth until nearly two hours after the death of his father, at Wylie, still farther on. It has been often held reversible error for the court to charge the jury upon an issue not fairly raised by the evidence. Railway v. Gilmore, 62 Texas, 391; Railway v. Faber, 77 Texas, 153.

The judgment of the court below is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered November 1, 1893.