### GRAHAM NAT. BANK v. BEAVERS.
### (No. 733–4673.)

(Commission of Appeals of Texas, Section B. Jan. 19, 1927.)

**1. Appeal and error ⪪854(2)—Judgment will not be reversed because judge rendering it stated insufficient or erroneous reason therefor.**

Correct judgment will not be reversed merely because judge rendering it stated an insufficient or erroneous reason therefor.

**2. Trial ⪪105(1)—Evidence consisting of suspicions founded on hearsay will not support judgment though admitted without objection.**

Evidence consisting of suspicions founded upon hearsay, although admitted without objection, will not support judgment.

**3. Appeal and error ⪪931(3)—Finding for prevailing party will be implied when necessary to support judgment.**

Finding in favor of prevailing party will be implied when necessary to support judgment.

**4. Appeal and error ⪪931(3)—Inference that case was decided on single issue will not be indulged to destroy general inference of implied finding on every material issue.**

Finding that trial court decided case on single issue will not be indulged in to destroy a more general inference of an implied finding on every material issue submitted.

**5. Appeal and error ⪪1008(1)—Sufficiency of evidence cannot be attacked in Supreme Court.**

Sufficiency of evidence to support implied finding cannot be attacked in Supreme Court.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Suit by the Graham National Bank against C. E. Beavers and others. Judgment for plaintiff for relief sought except as against named defendant was affirmed (286 S. W. 604) by the Court of Civil Appeals, and plaintiff brings error. Affirmed.

Marshall & King, of Graham, for plaintiff in error.

M. D. Brown, of Corpus Christi, and Luther Hoffman, of Wichita Falls, for defendant in error.

SPEER, J. [1] The Graham National Bank recovered judgment against W. F. Caldwell, the Calmo Oil Company, a corporation, and I. K. Parker, the receiver of the corporation, for several thousand dollars, with a foreclosure of chattel mortgage liens upon certain oil well casing described in the judgment. The plaintiff likewise sought a judgment against C. E. Beavers, as for conversion of the mortgaged property. The trial court entered judgment in favor of Beavers from which the bank appealed. The Court of Civil Appeals upon original hearing reversed the judgment of the trial court, but afterward on rehearing affirmed it. 286 S. W. 604. We find it unnecessary to pass upon the question discussed by the Court of Civil Appeals, that is, as to the sufficiency of the description of the property contained in the chattel mortgages, and indicate no opinion upon it. Whether plaintiff in error's mortgages were valid or void, the judgment of the trial court was proper, and should have been affirmed, as it was affirmed on rehearing. This court will not reverse a judgment which is right merely because the judge rendering it states an insufficient or erroneous reason therefor. Texas Brewing Co. v. Templeman, 90 Tex. 277, 38 S. W. 27; Holland v. Nimitz, 111 Tex. 419, 232 S. W. 298, 239 S. W. 185; Hanes v. Hanes (Tex. Com. App.) 239 S. W. 190.

[2] The judgment of both courts are right at all events for these reasons: First, under the undisputed evidence there is no more than a mere scintilla, or suspicion, that defendant in error ever converted any of the property covered by the mortgages. The evidence relied on has no probative force, but consists altogether of suspicions founded upon hearsay. Evidence of this character even though admitted without objection will not support a judgment. Henry v. Phillips, 105 Tex. 459, 151 S. W. 533; Atchison, etc., Co. v. Smith (Tex. Civ. App.) 190 S. W. 761, reversed on other grounds (Tex. Com. App.) 232 S. W. 290.

[3] In the next place, if we be mistaken, and it should be held there is some evidence tending to show a conversion of the mortgaged property by defendant in error, still the amount of the evidence is abundantly

sufficient as matter of law to support a finding in favor of defendant in error. Such a finding will be implied when necessary to support the judgment. The trial was before the court, and his judgment decrees:

"It is further ordered, adjudged, and decreed by the court that the plaintiff, the Graham National Bank, a corporation duly incorporated under the laws of the United States, do have and take nothing by its said suit and action against the defendant C. E. Beavers herein, and that the defendant C. E. Beavers do have and recover all of his costs in this behalf expended, and go hence without day; for all of which let execution issue."

It is of course obvious that this, standing alone, is a decision upon the merits broad enough to cover and does cover every issue in the case, including the one that defendant in error was not guilty of the conversion charged. It is implied.

[4] But the decree contains the further preliminary recital:

"The court further finds that the chattel mortgage hereinabove mentioned is insufficient in law, in that the description is insufficient to give notice to the defendant C. E. Beavers, and further finds that said mortgage did not constitute constructive notice to the defendant C. E. Beavers, and that said defendant had no actual notice of the liens claimed or held by the plaintiff, and that, as to said defendant, the plaintiff should take nothing."

The trial court filed no formal findings of fact, and the judgment contains no further recital of fact pertaining to the issues. The judgment nowhere recites that it is entered solely on the ground of the invalidity of the chattel mortgages or the want of actual notice. At most it is but an inference that the judgment was based upon this reason alone; it does not conclusively so appear. Now, the trial court did not refuse to hear evidence upon the issue of conversion by Beavers, but, on the contrary, did hear and consider the evidence. This would indicate that he passed upon that feature of the case, and strengthens the general inference that the trial court decided every issuable fact. The possible inference that the trial court decided the case upon the sole issue of the insufficiency of the mortgages should not be indulged to destroy the more general inference of an implied finding upon every material issue submitted. See Missouri-Kansas-Texas R. Co. of Texas v. Price, District Judge (Tex. Com. App.) 288 S. W. 415.

The express holding is not at all inconsistent with the implied holding. They may be, and are, both entirely consistent with each other and with the judgment rendered. They both support the judgment. Both therefore would have to be destroyed to avoid the judgment.

[5] The sufficiency of the evidence to support this implied finding has been nowhere attacked, and indeed could not be attacked here, and for this reason also we think the judgments of both courts should be affirmed. We accordingly so recommend.

CURETON, C. J. Judgments of the Court of Civil Appeals and district court both affirmed, as recommended by the Commission of Appeals.