## HOGG v. SINCLAIR OIL & GAS CO. et al.
### No. 756.

Court of Civil Appeals of Texas. Eastland.
April 17, 1931.

Rehearing Denied May 15, 1931.

Y. W. Holmes, of Comanche, for appellant.

Frank Sparks, of Eastland, Edw. H. Chandler, of Tulsa, Okl., and Paul A. McDermott, and Vernon F. Hillery, both of Fort Worth, for appellees.

LESLIE, J.

This is a suit by the plaintiff, F. D. Hogg, to recover from the Sinclair Oil & Gas Company et al., under the oil royalty provision of an oil and gas lease, the one-eighth of the amount for which the appellee Sinclair Oil & Gas Company sold the casinghead gas from its wells. The defendants entered a general denial and special defenses. The trial was before the court without a jury, and a judgment was rendered in favor of the defendants, from which the plaintiff appeals. There are no findings of fact or conclusions of law in the record.

In the plaintiff's petition he alleges that the gas so delivered by the Sinclair Oil & Gas Company was "of the fair market value and of the actual value of $80,000.00; which was all casinghead gas from said lease . * * * and all of which was taken and sold by said Sinclair Oil & Gas Company; and of which the plaintiff shows he is entitled to one-eighth, himself and wife being the owners of said royalty at all times since the execution of said lease." As a basis for this claim, plaintiff pleads and relies on the following provisions of the lease contract:

"In consideration of the premises the said lessee covenants and agrees:

"1st. To deliver to the credit of lessor, free of cost, in the pipeline to which he may connect his wells, the equal one-eighth part of all oil produced and saved from said leased premises.

"2nd. * * *

"3rd. To pay lessor for gas produced from any oil well and used off the premises or for the manufacture of casinghead gas, Ten Dollars per year, for the time during which such gas shall be used, said payments to be made each three months in advance."

Although the judgment went in favor of the defendants, the plaintiff, appellant here, has not challenged the correctness thereof by any assignments of error duly filed in the trial court as required by article 1844, R. S. 1925, which is in part as follows: "Before he takes the transcript from the clerk's office, the appellant or plaintiff in error shall file with the Clerk of the Court below all assignments of error, distinctly specifying the grounds on which he relies. * * * All errors not distinctly specified are waived. * * *"

There being no appropriate assignments, as said in 3 Texas Jurisprudence, § 572, "an appellate court is not authorized nor required to consider or review an error which is not fundamental, nor to examine the sufficiency of the evidence." Upon the theory that the trial court, in rendering the judgment, committed fundamental error, the appellant now seeks to have this court reverse the same. In the light of the law and the rules governing this court in reversing for such errors, we have carefully examined the propositions submitted, and are of the opinion that, in view of the condition of the record presented by the appellant, neither the correctness nor incorrectness of the judgment of the trial court can be determined by this court except upon an examination of the entire statement of facts, which is not, under the law, required to be done in search for fundamental error. As said in Ford & Damon v. Flewellen (Tex. Com. App.) 276 S. W. 903: "When * * * in this case, the only method for determining whether or not a fundamental error has been committed is by going through the entire statement of facts, then that court is not required to pass upon such a question. Any other rule * * * would place an almost unbearable burden upon our appellate courts." See Egan v. Lockney Farmers' Co-op. Soc. (Tex. Com. App.) 284 S. W. 937.

The appellant's specific attack on the judgment centers in a contention that, in the above "3rd" provision of the covenants, setting out the consideration, the phrase, "or for the manufacture of casinghead gas," is a senseless and meaningless combination of words, and that being such they should be rejected and totally disregarded; whereupon this provision of the lease contract would become identical with the like covenant found in the lease contract considered in the case of Reynolds v. McMan Oil & Gas Co. (Tex. Com. App.) 11 S.W.(2d) 778, in which event the plaintiff would be entitled to recover under the one-eighth oil royalty provision, as in that case.

In connection with this brief statement of the appellant's contention it must be observed that the defendants entered a general denial and specially pleaded that, if it be conceded that the casinghead gas royalty clause of the lease be of doubtful construction, nevertheless the lessors had, by their acts and conduct in receiving this portion of the royalties of $10 per well per year, provided by the lease, put upon the casinghead gas royalty clause of their lease their practical construction that, when the casinghead gas from the wells was sold to others for manufacture into gasoline, and was so manufactured, the said lessors were entitled to receive only their proportion of the sum of $10 per well per annum. These matters of pleading are adverted to merely to show that the trial court may have rested its judgment on different theories, the correctness of which could only be ascertained from a review of the testimony in the light of assignments, propositions, and briefing, directing this court's attention specifically to the trial court's erroneous rulings.

As the judgment stands, it must be viewed in the light of the rules stated in 3 Texas Jurisprudence, § 748, as follows: "In the absence of a showing to the contrary, it will be presumed that the court based its findings upon the evidence in the case, and gave weight and consideration exclusively to rele-

vant and legitimate testimony." And the further rule therein stated in section 750 that: "The possible inference that the court decided the case on a sole issue will not be indulged to destroy the more general inference of an implied finding upon every material issue submitted."

In the opinion in Graham National Bank v. Beavers (Tex. Com. App.) 290 S. W. 529, the syllabus states the holding of the court on the point under consideration in this language: "Finding that trial court decided case on single issue will not be indulged in to destroy a more general inference of an implied finding on every material issue submitted."

■ These observations are made merely to indicate the burden upon appellant to show that the judgment under attack rests upon no sound theory from appellees' viewpoint. The impossibility of discharging such burden by reaching the vice, if any, in the judgment on the basis of fundamental error, is obvious. In other words, to avoid the judgment, in the light of this record, appellant was under the necessity of destroying every theory on which the judgment is maintainable under the pleadings. Morris v. Alworth (Tex. Civ. App.) 32 S.W.(2d) 238; Graham National Bank v. Beavers, supra.

■ For aught we know, the judgment may, under the pleadings, have been rendered against the plaintiff upon the ground that he failed to show what particular part of the $80,000 obtained for the casinghead gas at the well was paid for the dry gas and what part for the gasoline content, the elements making up the casinghead gas. Clearly he was not entitled to recover any part of the money received by the lessee for the dry gas under any of the decisions of this state. That belonged to the lessee. Harris v. Lone Star Gas Co. (Tex. Civ. App.) 19 S.W.(2d) 178.

■■ The appellant admits that his contentions involve fundamental error and claims consideration therefor upon the ground that the case was tried as an "agreed case" under article 2177, R. S. 1925, which provides that "parties may submit matters in controversy to the court upon an agreed statement," etc., and, when so tried, "the agreed statement is [on appeal] to be considered * * * in the nature of a special verdict." Hutcherson v. W. O. W., 112 Tex. 551, 251 S. W. 491, 492, 28 A. L. R. 823; Ocean Accident & Guarantee Co. v. Riggins (Tex. Civ. App.) 291 S. W. 276, 277. We do not regard the case as being one tried upon an agreed statement under the statute. To our minds the statement of facts in the record of the instant case is the usual and ordinary statement of facts. The time for filing the same was extended by the trial court, and it was approved by the trial court April 11, 1930, during such extended time, whereas the judgment was rendered January 11, 1930, at a regular term of court beginning

the 1st day of December, 1929, and expiring February 1, 1930. It appears to be a statement of facts "prepared independently by the parties and agreed to and approved by the court," as authorized by one or more of the following articles of the said statute, to wit, articles 2239, 2242, 2243, or 2244. In fact it affirmatively appears from the statement of facts that the case was not tried on an agreed statement of facts submitted under article 2177, supra. In paragraph 2 of the agreement of date October 28, 1929, neither the court nor any one else could know what the evidence at the time was going to be until after the litigants fully developed their respective testimony and the case was closed. Neither is it to be regarded as an appeal upon an agreed statement, provided for in article 2280, R. S. 1925, wherein it is provided that parties may agree upon a brief statement of the case and of the facts proved, which in their opinion will enable the appellate court to determine whether there has been error in the judgment. Under this article it is provided that, if the judge shall approve and sign such a statement, it shall be filed among the papers of the cause, constitute a part of the record, and on appeal or writ of error be copied into the transcript in lieu of such proceedings themselves. The agreed statement found in this record does not come to this court copied in the transcript.

The holding above indicated affirms the judgment as to each of the appellees, and their particular contentions require no special attention.

For the reasons assigned the judgment of the trial court is affirmed.