## TEXAS & N. O. R. CO. v. KVETON.

### No. 9958.

Court of Civil Appeals of Texas. Galveston.

June 15, 1934.

Rehearing Denied Oct. 4, 1934.

Baker, Botts, Andrews & Wharton, of Houston, Marcus Schwartz, of Hallettsville, and Sewell, Taylor, Morris & Garwood, of Houston, for appellant.

Pat. H. Kveton, of Dallas, and J. W. Ragsdale, of Victoria, for appellee.

GRAVES, Justice.

This cause is a repercussion of its former appearance here wherein this court, on the state of the record then presented, held that the evidence was sufficient to raise the issue of whether or not appellant failed to use ordinary care to furnish appellee with reasonably safe appliances with which to do the work he was required to do and that such issue should have been submitted to the jury upon proper charge. A full statement being then made as to what it involved, which need not be repeated, T. & N. O. R. R. Co. v. Kveton (Tex. Civ. App.) 48 S.W.(2d) 523, 524, no respect wherein that holding was erroneous having been pointed out, and still believing it to have been sound, it will be adhered to. Bomar v. Parker, 68 Tex. 435, 4 S. W. 599; G., H. & S. A. Ry. Co. v. Faber, 77 Tex. 153, 8 S. W. 64.

The present record is presented upon substantially the same evidence upon appel-

lee's part, with addition of the testimony of the witness Dagg, and on materially the same pleadings, except that appellee descends more into detail in setting out the specific negligence he relied upon; moreover, the learned trial judge appears to have substantially followed the former opinion of this court in remanding the cause, in his submission of fact issues to be passed on by the jury at this trial; after having carefully reviewed the statement of facts, we are unable to agree with the appellant that the verdict returned by the jury in response to those issues was either without any evidence to support it, or so against the weight thereof as to be clearly wrong; wherefore, the conclusion is reached that the judgment entered thereon may not properly be set aside for lack of sufficient support in the testimony; the particular fact question of whether the alleged negligence of the appellant, or, as it in turn charged, wholly independent negligence upon the appellee's part in the way he did the work, solely caused the accident, was a very sharply contested one; nevertheless, in the opinion of this court, nothing more was developed than such a conflict as the jury alone could resolve, even if it might properly be said the preponderance was in appellant's favor. The issues submitted were numerous, but since the major attack is made upon Nos. 1 to 3, inclusive, they alone will be here copied in full:

"Special Issue No. 1: Did the lower face of the anvil die and the upper face of the lower hammer block of the steam hammer, which the defendant, The Texas and New Orleans Railroad Company, furnished the plaintiff, F. A. Kveton, with which to make brake-rod jaws at the time and place charged in plaintiff's petition, viz: On October 25th, 1929, fit together so unevenly in their respective surfaces as that when pressure would be applied to the anvil die it would tilt either backward or forward in accordance with the manner in which the greatest pressure was applied to such anvil die?

"You will answer this question 'yes' or 'no' as you find the facts to be.

"If you have answered this question No. 1 'no,' then you need not answer any of the other issues here submitted to you, and will return into court your answer to this question as your verdict.

"If you have answered Question No. 1 'yes,' then answer this question:

"Special Issue No. 2: Do you find that the furnishing of such hammer to the plaintiff, on said occasion, by the defendant, was negligence, as that term has been hereinbefore explained to you?

"You will answer this question 'yes' or 'no' as you find the facts to be.

"If you have answered Special Issue No. 2 'yes,' then answer this question.

"Special Issue No. 3: Was such negligence of said defendant, The Texas and New Orleans Railroad Company, if any you have found, the proximate cause of the injury sustained by the plaintiff, if any, to his leg, as the term 'proximate cause' has hereinbefore been defined to you?

"You will answer this question 'yes' or 'no' as you may find the facts to be."

The quoted issues submitting whether or not negligence on appellant's part was responsible for the injury were all answered favorably to the appellee, while succeeding issues 7 to 44, inclusive, submitting in wellnigh every conceivable phase the counter inquiry as to whether or not the appellee's own negligence—either independent or contributory—was either solely or contributorily responsible, were all likewise answered adversely to the appellant.

As indicated supra, it cannot be said that there was insufficient supporting proof in any respect for this comprehensive settlement by the jury of these respective major contentions of the parties as to what the facts on the issues therein joined were.

But the appellant's attack upon the first three quoted issues goes further than to merely question the sufficiency of the evidence to support the findings thereon, in that, among other objections: (1) They submitted mainly evidentiary matters rather than ultimate issues of fact; (2) that they were on the weight of the evidence in assuming that there was evidence tending to show unevenness of the surfaces sufficient to cause a tilting of the lower anvil die; (3) in assuming further that appellant furnished the particular hammer to the plaintiff to make the particular brake-rod jaw upon which he was working at the time of the accident in the manner in which he was making same; and (4) that these inquiries did not follow nor submit the issues of negligence tendered by the appellee in his pleadings.

None of these criticisms, we think, should be sustained; as already suggested, the issues seem to this court to have properly tracked the pleadings and evidence; the appellee in part having pleaded as follows: "The specific negligent act herein complained of on the part of the defendant in failing to exercise ordinary care to furnish and provide this

plaintiff with reasonably safe appliances and equipments is in the following particulars: The lower surface of the anvil and the upper surface of the lower hammer block which was furnished this plaintiff by the defendant on said day and date, with which to make said brake-rod jaws, did not fit together smoothly with the face of the one fitting evenly and smoothly with the face of the other, but, to the contrary, the defendant negligently and without the exercise of ordinary care in that respect, furnished this plaintiff with an unsafe anvil and unsafe bottom hammer block in that the surface of each was such as that they did not fit smoothly together, but were uneven on their respective surfaces to such an extent as that when pressure would be applied and came in contact with the anvil it would tilt either backward or forward in accordance with the manner in which the greatest pressure was applied to such anvil block, and this uneven condition of the surface of said anvil and bottom hammer block when the pressure was applied by the defendant through its agents, servants and employees, caused the devices holding the piece of steel out of which the brake-rod jaw was being made, to be thrown from between the surface of the anvil and the top hammer die, —one of which said devices, but just which one this plaintiff is unable to say, struck his leg and broke it and injured him as herein complained of."

■■ Taking the three issues together, it seems plain that in the aggregate they present the ultimate issues of fact thus declared upon in the pleadings, and since the evidence supported each and all of the findings thereunder, the verdict therefore determines the structural questions the controversy involved; in this connection it may not be amiss to note what seems to be an ineptness upon appellant's part, both in appraising the legal effect of the issues submitted and the evidentiary force of the testimony supporting the findings thereon, in apparently making no distinction between the words "tilt," as used in the appellee's pleading as well as in the special issues, and "vibrate," as employed by appellant's witnesses in testimony seeking to show in its behalf that what appellee complained of as being a defect in the appliance he was working with was, after all, not a defective condition but a proper functioning of the appliance, that is, that there was intended to be and always was a vibration when the hammer hit on the anvil die. But there is a wide difference in the meaning of these terms; the word "tilt," as so used in the appellee's pleading and in his supporting evidence, meaning to raise on end or incline, while, on the other hand, the meaning of "vibrate" is to move backwards and forwards, or quiver. When this material distinction is made, appellant's objections to both the issues and the proof thereon clearly seem to be ineffective.

■ Nor is it thought the questions thus propounded, as evolved from the quoted pleading and direct testimony in support from the appellee himself and his helper at the time of the accident, contained any suggestion it would in fact tilt, the question of whether it would or not having been plainly put up to the jury by issue No. 1; neither is there merit in the other complaints against the issues.

■ Upon the whole cause, as before suggested, the appellee on this trial substantiated his more specific charges of negligence with the same testimony and the same witnesses who testified in his behalf on the former trial, with the addition of one other, who seems to have added to, rather than taken from, the strength of the case as before made out. These witnesses, along with the appellee himself, were eyewitnesses to the occurrence of the accident, they testified at great length, and, under detailed cross-examination, demonstrated the meaning and the practical purport of what they were undertaking to say before the jury by the use of a model of the appliance, from the use of which the accident happened; on the other hand, the witnesses for appellant were not so situated, the only one of them near at the time of the accident being some thirty feet or more distant in another part of the premises and engaged in a different work. In these circumstances, the jury, with the witnesses before them, were in much better position to appraise their testimony than is an appellate court sitting in detached chambers far from the actual scene of the accident. Such being the state of the record as presented here, this court is without authority to disturb a verdict resting on what it considers to have been sufficiently supporting evidence.

The judgment will therefore be affirmed. Affirmed.