**LYDAY et al. v. TARPLEY et al.**

No. 5087.

Court of Civil Appeals of Texas.
Texarkana.

June 8, 1937.

Rehearing Denied June 17, 1937.

W. L. Willie, of Paris, for appellants.

Cunningham & Lipscomb, of Bonham, for appellees.

HALL, Justice.

This suit was brought in the district court of Fannin county by Mrs. Fred Lyday, joined by her husband, Fred Lyday, appellants, against O. W. Tarpley and J. B. Hall, seeking to foreclose a lien on certain real estate in Fannin county.

Appellants allege that Mrs. Lyday furnished certain money, a part of her separate estate, to her husband, Fred Lyday, one of the executors of the estate of E. F. Lyday, deceased, which was secured by lien on the two tracts of land described in her petition; that said money was used by the said Fred Lyday in connection with and for the benefit of the said estate.

Appellees answered by general demurrer, general denial, and that they were innocent purchasers of said two tracts of land for value without notice, either actual or constructive, of the existence of said lien. The two tracts of land involved here were conveyed to appellees by appellant Fred Lyday and his brother, Elbert Lyday, who were independent executors of the estate of E. F. Lyday, deceased.

Trial was to the court without a jury. Judgment was rendered for appellees and appellants have appealed to this court.

Appellants bring forward as assignments of error and propositions:

"Assignment 1. Said Honorable court erred in holding that the lien sued upon by Mrs. Lyday was not a valid lien, because the intention of the lienor to create a lien is manifest.

"Assignment 2. Said Honorable court in not allowing appellant an equitable lien, as she furnished the money to Fred Lyday to defray the expenses of his administration on E. F. Lyday estate.

"Assignment 3. Said Honorable court erred in not holding that the claim of Mrs.

Lyday for financing the administration upon estate of E. F. Lyday became a first lien upon the estate.

"Proposition 1—Assignment 1. Where from the language of a written instrument, the intention to create a lien can be gathered, the court will so construe same.

"Proposition 1—Assignment 2. Equity presumes that as done, which should have been done, and Mrs. Lyday is entitled to a lien to protect the money she loaned the estate of E. F. Lyday, or its executor, Fred Lyday.

"Proposition 1—Assignment 3. It is well settled principle of law, that the expenses of an administration and money supplied therefor, comes under head of second class claims of last illness."

These assignments and propositions are too general to require our consideration. They nowise point out or suggest any particular error of which complaint is made. Under such assignments we cannot reverse the judgment in this case, except for fundamental error apparent upon the face of the record. Conn v. Belk (Tex.Civ.App.) 26 S.W.(2d) 293; Hogg v. Sinclair Oil & Gas Co. (Tex.Civ.App.) 38 S.W.(2d) 886. We have carefully examined the transcript and find that the pleadings of appellees are amply sufficient to support the judgment rendered therein by the trial court.

The judgment is affirmed.