## Otis Phinney v. The State.

### No. 656.   Decided June 1, 1910.

**1.—Wilfully Turning Cattle on Land of Another—Charge of Court—Reasonable Diligence.**

Where, upon trial of wilfully turning out cattle on land not his own, etc., the evidence showed that the defendant used reasonable diligence to keep his cattle from running at large, that they got out without his knowledge or consent and depredated on the land of another, it was reversible error to refuse a special charge on this issue.

**2.—Same—Evidence—Other Transactions.**

Upon trial of wilfully turning out cattle on land of another, it was reversible error to admit in evidence other depredations of defendant's cattle wholly disconnected with that forming the basis of the prosecution against defendant.

Appeal from the County Court of Denton. Tried below before the Hon. Lee Zumwalt.

Appeal from a conviction of wilfully turning out cattle on land of another; penalty, a fine of $5.

The opinion states the case.

*Bottorff & Bottorff,* and *Owsley & Sullivan,* for appellant.

*John A. Mobley,* Assistant Attorney-General, and *Chas. Mays,* County Attorney, and *H. R. Wilson,* Assistant County Attorney, for the State.—On question of court's refusal of defendant's special charge: Pierson v. State, 21 Texas Crim. App., 14; Smith v. State, 21 Texas Crim. App., 277; Parker v. State, 39 Texas Crim. Rep., 262, 45 S. W. Rep., 812; Ferguson v. State, 36 Texas Crim. Rep., 60.

On question of court's action in admitting evidence of other transactions: Gilbraith v. State, 41 Texas, 569; Cesure v. State, 1 Texas Crim. App., 19; Speights v. State, 1 Texas Crim. App., 551; Taylor v. State, 47 Texas Crim. Rep., 101, 81 S. W. Rep., 933.

RAMSEY, Judge.—Appellant was convicted in the County Court

of Denton County on the 17th day of January, 1910, of wilfully turning out cattle on land not his own and wilfully failing and refusing to keep up his cattle, and his punishment was assessed at a fine of $5.

The prosecuting witness lived some six and one-half miles southwest of the town of Pilot Point. Appellant lived, it seems, in Pilot Point, and was in the butcher business. It appeared that he had a pasture of about eighty acres of land near the farm of Mr. Drake, and he also had another pasture of thirty or forty acres on the other side of his farm, and during the spring of 1909, more than once certain of his cattle got out of these pastures and were found on the land of Mr. Drake and others. Appellant, who lived some six or seven miles from the pastures, disclaimed any knowledge of his cattle getting out or that he had turned them out. He admits complaints were made to him some two or three times about the cattle getting out, and says that each time he would go down to the pasture and put them up and offered to pay any reasonable damage the cattle had done, and would drive them back into his pasture, and go around same and see about the fence. He speaks of one time when high water had torn down the fence, which he fixed up and also repaired other places. That on one of the occasions when Mr. Drake had his cattle up, that he went around the pasture and the fence was not down anywhere; that he had never refused to keep up his cattle, but had tried to keep them up. This general statement will illustrate the nature of the issues arising on the trial.

1. On the trial appellant requested the court to give in charge to the jury the following special instruction, among others: "The defendant asks the court to instruct the jury that if they believe the defendant had his stock in his inclosure and had reason to believe the same was sufficient to hold them, and they got out without his knowledge and consent and he used reasonable diligence to keep them from running at large then you will find him not guilty." This charge, we think, should have been given, and that it is responsive to and bears directly upon an issue arising under the testimony, and same was nowhere embraced either in substance or otherwise in the court's general charge.

2. On the trial the State was permitted to prove by one Frank Larke that he lived during the year 1909 at Pilot Point, in Denton County, and that he owned premises there adjoining a lot owned by appellant and separated by a partnership fence, and that during the year of 1909 a yearling belonging to said Phinney crawled through said partnership fence into his lot, and that he notified appellant, who, upon receiving said information, came and got said yearling and took it away, and that the witness' said premises and appellant's said lot were located about six and one-half or seven miles from the land of the prosecuting witness Drake. This was objected

to on the ground that it was irrelevant and immaterial, and did not tend to elucidate or throw any light upon any issue in the case, and did not tend to establish the charge against appellant in this case, but was calculated to prejudice him before the jury. These objections should have been sustained. This testimony related to a matter wholly disconnected with that forming the basis of this charge, and the only effect of same was to prejudice appellant's case before the jury.

For the errors pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*