### TEXAS ELECTRIC RY. v. REESE.
#### (No. 588—4412.)

(Commission of Appeals of Texas, Section B. Feb. 10, 1926.)

**1. Appeal and error ⟵999(3)—Appellate court could not consider sufficiency of evidence.**

Question of whether evidence of negligence in operation of electric car supported verdict of jury, being one of fact, was not within jurisdiction of appellate court.

**2. Railroads ⟵443(1)—Finding of negligent killing of hog sustained.**

In action against interurban railway for killing hog at private crossing, verdict for plaintiff, on issue of negligent operation of the car that killed the hog, *held* not without any evidence to support it.

**3. Railroads ⟵415(3)—Care required as to animals at private crossing stated.**

Where plaintiff's hog was killed by electric railroad car at private crossing, which interurban railway company knew was habitually used for moving hogs across its road, *held* that the company was charged with the duty of keeping such lookout and of exercising such care in the operation of its cars at that place as a reasonably prudent person would exercise under the same circumstances.

**4. Animals ⟵50(2)—Adoption of Hog Law held not shown.**

In action against railroad for killing hog, Hog Law was not shown to be in effect at time and place of killing, where the order for election was for precinct No. 1, Hill county, which would not necessarily include territory where accident happened, since precinct No. 1 might mean commissioners' precinct, justice precinct, or voting precinct.

**5. Animals ⟵50(2)—Hog Law not effective where commissioners' court counted election returns.**

Hog Law *held* not effective, where opening, tabulating, and counting of returns of election were by commissioners' court and not by county judge, as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 7220.

**6. Railroads ⟵424—Owner of hog, not permitted to run at large, held not precluded from recovery for killing on ground of violation of Hog Law.**

Where evidence was undisputed that hog was on plaintiff's premises, and, prior to its being killed by electric car, escaped without his fault, or at least was not permitted by him to be at large, and no issue of hog's being at large, in violation of Hog Law (Vernon's Sayles' Ann. Civ. St. 1914, art. 7209 et seq.), was submitted, and no complaint made of the omission, *held* owner could not be precluded from recovery on ground that he had permitted hog to run at large.

Error to Court of Civil Appeals of Tenth Supreme Judicial District.

Action by Carl Reese against the Texas Electric Railway. Judgment for plaintiff was affirmed by the Court of Civil Appeals (271 S. W. 130), and defendant brings error. Affirmed.

Beall, Worsham, Rollins, Burford & Ryburn, of Dallas, and Wear, Wood & Wear, of Hillsboro, for plaintiff in error.

Collins, Dupree & Crenshaw, of Hillsboro, for defendant in error.

SPEER, J. The writ of error herein was granted to review the judgment of the Court of Civil Appeals for the Tenth District, wherein it affirmed the judgment of the district court of Hill county, rendering judgment for defendant in error against the plaintiff in error for the sum of $650 for the value of a fine registered Duroc Jersey boar, alleged to have been killed by the negligence of the defendant company. A full statement of the case appears in the opinion of the Court of Civil Appeals. 271 S. W. 130.

A number of interesting questions are presented in the application, but, in the view we take of the case, it will not be necessary to consider all of them. The cause was submitted to the jury on special issues, and, in answer to these issues, the jury found that defendant was guilty of negligence in failing to exercise ordinary care in approaching the

---

⟵For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

private crossing upon which the hog was killed by one of its electric cars, and that it negligently failed to properly construct a gate at such crossing, which was a private crossing upon the plaintiff's land, and further that the defendant negligently failed to provide a proper fastening for such gate, and that such negligence, in each instance, was the proximate cause of the injury to, and death of, the hog.

[1, 2] The first assignment of error assails the holding of the Court of Civil Appeals to the effect that the evidence supports the verdict of the jury on the issue of negligence in the operation of the car that struck and killed the hog, and such an assignment would, of course, generally be as to a question of fact, and therefore not within our jurisdiction to consider. But, in view of the further language of the assignment, indicating, perhaps, that plaintiff in error complains there is no evidence to support such finding, we treat the assignment as raising that question, and consider it. But it must be overruled. The evidence shows that the place where the hog was killed was a private crossing upon defendant in error's land and that he owned and operated a farm or ranch for breeding fine hogs; that his hogs were kept upon both sides of the company's track, and that they were frequently driven or carried from one side to the other at the crossing provided by the company; that the plaintiff in error had full notice of the frequent use of the crossing for this purpose, and the operatives of its cars knew they might expect the presence of such animals at this crossing at any time; that on this particular occasion the car was operated at such a speed that it was impossible to bring the car to a stop within the distance from which such an object on the crossing could be seen by the operatives of the car. The operatives of the car testified they did everything they could, after having discovered the hog on the track, to stop the car, and the evidence shows it was not stopped until it had passed far beyond the crossing, and the distance the animal, which was a very large one, was thrown, indicates the car was moving with great speed at the time of the collision. Furthermore, the evidence tended to show that no warning was given, or at least an insufficient warning was given, of the approach of the car. We cannot say there is no evidence of negligence to support the finding in this respect, and we are not, by reason of limitations upon our jurisdiction, concerned with the sufficiency of such evidence.

[3] It cannot be held, as is insistently argued by counsel for plaintiff in error, that, merely because the crossing was a private crossing, the company had the right to operate its car at that place at any rate of speed it might choose, consistent with the safety of its passengers. This is not true. Since the company knew of the habitual use of this crossing by defendant in error for moving his hogs back and forth across its road, and therefore that such animals were likely to be there at any time, it was charged with the duty of keeping such lookout and of exercising such care in the operation of its cars at that place as a reasonably prudent person would exercise under the same circumstances. The measure of its duty is determined, not alone from the facts that this is a private crossing, and the roadbed belongs to plaintiff in error, but rather from what a reasonably prudent person would anticipate, under all the circumstances of the case, with the knowledge that the company possessed. The defendant in error had a right to use his property upon both sides of the track, and also to use the crossing as an incident thereto. The company had full knowledge of this fact, and the law imposes upon it the duty of a proper regard therefor in the operation of its cars.

[4-6] We agree with the Court of Civil Appeals that the evidence was entirely insufficient to show that the Hog Law was in effect at the time and place the hog was killed, since there is nothing in the record to show that precinct No. 1, Hill county, Tex., for which the election was ordered, and the result declared, embraced the territory in question. In other words, as pointed out by the Court of Civil Appeals, the record is entirely indefinite in this, that precinct No. 1 might mean commissioners' precinct No. 1, or justice precinct No. 1, or voting precinct No. 1. Moreover, if the order was sufficiently definite, nevertheless the opening, tabulating, and counting of the returns of the election appear affirmatively to have been by the commissioners' court, and not by the county judge, as required by article 7220, Vernon's Sayles' Texas Civil Statutes 1914, for which reason the law never became effective. King v. State (Tex. Cr. App.) 74 S. W. 773. And, moreover, if it be conceded that the Hog Law was in force, nevertheless, under the undisputed facts, defendant in error's hog was not permitted by him to run at large, and therefore he could not be precluded from recovery upon that score. Texas & Pacific Ry. Co. v. Webb, 114 S. W. 1171, 102 Tex. 210. The mere fact that defendant in error's hog was at large, even beyond his own premises, would not necessarily show a violation of the Hog Law; but the evidence, without dispute here, shows the hog was on defendant in error's premises and escaped without the fault of defendant in error, or at least was not permitted by him to be at large. But, aside from this, no issue of the hog's being at large in violation of law was submitted, and no complaint is made of the omission. Since the finding with respect to the negligence of plaintiff in error in the manner of

operating its car is to stand, the judgments of both courts must be affirmed. For the reasons given, we recommend that such judgments be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.