## MORRIS et al. v. ALWORTH.
### No. 728.

Court of Civil Appeals of Texas. Eastland.
Sept. 26, 1930.

Rehearing Denied Oct. 31, 1930.

Grisham Bros., of Eastland, for appellants.

Turner, Seaberry & Springer, of Eastland, for appellee.

### FUNDERBURK, J.

This is a suit brought by S. H. and J. D. Morris against T. J. Alworth, and was numbered and entitled in the trial court S. H. Morris et al. v. T. J. Alworth, No. 14,122. The nature of the suit—to quote from appellants' brief—is one "for damages for an alleged breach of a written contract between the parties, dated September 29th, 1928." The defendant, in addition to general and special exceptions, pleaded a general denial, waiver, and estoppel and res adjudicata. The defense of res adjudicata consisted of allegations to the effect that, in another suit in the same court, being No. 13,840, and styled

S. H. Morris et al. v. T. J. Alworth et al., the same contract was involved; that from an order overruling a motion of appellee to vacate the appointment of a receiver there was an appeal to this court, whose judgment [19 S. W. (2d) 212] reversing the judgment of the trial court having become final, thereby determined, among other things, that the contract sued on herein had. not been breached. At the trial, upon motion of Alworth, the court gave a peremptory instruction to the jury to return a verdict in his favor, and, judgment being rendered accordingly, said S. H. and J. D. Morris have appealed.

No statement of facts accompanies the record. Neither appellee's motion for an instructed verdict, the instruction given in response thereto, nor the judgment itself, recites the ground or reason for the peremptory instruction.

■■ For assignments of error appellants embody in their brief their motion for a new trial. From this it appears that the case comes up on one assignment of error, as follows: "The court erred in sustaining defendant's plea of res adjudicata, and in instructing the jury to return a verdict for the defendant in said cause."

There is more of the motion for new trial, consisting of three reasons, denominated (a), (b), and (c), showing why it is claimed that the court erred; but such reasons, we think, are not properly to be regarded as part of the assignment of error. "The reasons by which allegations of error are sought to be sustained find their proper place in the propositions, statements, and authorities required to be set forth in the brief under and in support of the respective assignments." Clarendon Land, etc., Co. v. McClelland et al., 86 Tex. 179, 23 S. W. 576, 1100, 1103, 22 L. R. A. 105.

■ In form it is readily seen the assignment of error complains of two different rulings or actions of the court: (1st) The sustaining of defendant's plea of res adjudicata, and (2d) its action in instructing the jury to return a verdict for the defendant. Whether one or two rulings or actions are intended to be complained of, and, if two, thus subjecting the assignment to the criticism of being multifarious, it is necessary, in either case, that the record show such rulings or actions. The record here presented, in the absence of a statement of facts, certainly makes no such showing. How can it be said that the record shows the court sustained defendant's plea of res adjudicata? Defendant, in moving for a peremptory instruction, makes no mention of that matter. Neither does the instruction nor the judgment. If, under the facts, we could say, as a matter of law, that the peremptory instruction could not have been giv-. en upon any other theory than that of res adjudicata, then the instruction itself would perhaps constitute a sufficient record showing that the court had sustained that plea. Such, however, is not the case. Plaintiffs may have offered no proof of the contract alleged, or of the alleged breach thereof; or the uncontroverted evidence may have shown a waiver of nonperformance or estoppel to claim damages. In either of such cases the action of the court in directing a verdict for defendant would have been just the same. We would therefore be wholly unwarranted in interpreting such action as one sustaining the plea of res adjudicata.

Treating the assignment as challenging only the correctness of the peremptory instruction, the record is equally silent as to the ground or. grounds upon which that action was based. Appellants, in effect, ask us to assume that the peremptory instruction was given for the sole reason that the trial court concluded that the plea of res adjudicata was conclusively established and that, without a statement of facts, we look to the record of another case heretofore pending in this court to determine if the trial court's conclusion was correct. Two questions are thus raised, neither of which do we find. it necessary to determine.

■■ The question is presented of our authority to look to the record in another case to supply.matters which are proper to be included in a statement of facts. Next would come the question of whether such record, if looked to, makes out a good plea of res adjudicata. But, if it were conceded that we may take judicial knowledge of the record in the other case, it is unnecessary for us to determine whether the plea was good or not. The decision of such questions favorably to the contentions of appellant would not militate against the validity of the judgment under attack. Suppose the trial court did conclude that the plea of res adjudicata was good, and based his action in giving the peremptory instruction upon that ground, and that, as a matter of law, the plea was not good, there is still absent the showing by the record that the peremptory instruction was not based upon, or at least supportable upon some other good ground. The presumption, therefore, exists in full force that the court's action was based upon some proper ground. In other words, the burden upon appellants to affirmatively show reversible error in the judgment is not met by a showing that one of several grounds upon which it may have been based was untenable, without showing that all such grounds were untenable.

It is therefore our opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.