## TEXAS & P. RY. CO. v. HOWELL.

### No. 1798.

Court of Civil Appeals of Texas. Eastland.

May ,13, 1938.

Rehearing Denied June 10, 1938.

R. S. Shapard, of Dallas, and Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, for appellant.

Childers & Shaw and Cox & Hayden, all of Abilene, for appellee.

GRISSOM, Justice.

A. A. Howell sued the Texas & Pacific Railway Company for damages resulting from injuries suffered while loading cotton from the defendant's platform onto railway cars at Trent. Plaintiff was employed to load the cotton by its owner. The injury occurred September 19, 1936. That plaintiff was an invitee at the time of his injury is admitted.

Plaintiff alleged (a) that defendant's platform was old and the boards constituting the surface thereof had become decayed, weak and rotten to the extent that same would break when a man of ordinary weight stepped upon same; that said rotten condition of plaintiff's platform "was hidden and latent" and plaintiff was unaware thereof, but that defendant knew said condition, or by the exercise of ordinary care could and should have known thereof; (b) that defendant maintained said platform and invited plaintiff and others to work thereon while said platform contained rotten boards, and boards that had holes in them, which constituted a dangerous situation known to the defendant, or which should have been known to defendant and would have been known by it had it exercised ordinary care. (c) That defendant knew of the rotten condition of the boards in the platform and holes in same, or by the exercise of ordinary care could and should have known

of same and failed to repair said platform; (d) plaintiff alleged in the alternative, that if he be mistaken in his allegations that defendant knew of the defective and dangerous condition of the platform, or could and should have known of same, and if in fact the defendant was unaware of the alleged condition of the platform, then the duty devolved upon the defendant to exercise ordinary care to inspect said platform; that defendant failed to so inspect said platform. Each of said alleged acts or omissions, plaintiff charged, constituted negligence and the proximate cause of his injuries.

With reference to the manner in which he suffered injury, plaintiff alleged that he "stepped into a hole in a rotten plank or board on said platform, and that his heel went through said hole in said board and that his foot broke through the board," thereby causing the injury and damage for which he sued.

In answer to special issues submitted the jury found, among other things, (1) that there was a rotten plank in defendant's platform on the 19th day of September, 1936; (1a) that the rotten plank rendered said platform an unsafe place for plaintiff to work; (2) that defendant did not know of the unsafe condition of its platform; (3) that defendant could have known of said unsafe condition "by exercising ordinary care in the inspection of said platform"; (4) that defendant was negligent in maintaining the platform with a rotten and decayed plank in same; (5) that such negligence of defendant "in permitting said platform to remain in said condition" proximately caused plaintiff to fall and sustain personal injury; (6) that defendant was negligent in failing to remove said rotten plank; (7) that such negligence of defendant "in failing to repair said platform by removing said rotten board" proximately caused plaintiff to fall and sustain personal injury; (8) that plaintiff did not know of the unsafe condition of defendant's platform; (9) that by the exercise of ordinary care plaintiff could not have known of the unsafe condition of defendant's platform; (10) that plaintiff was not negligent in stepping on the plank on defendant's platform at the time and place complained of; (12) the amount of plaintiff's damages was fixed at $850.

In answer to defendant's requested issues, the jury found: (2) That defendant did not exercise ordinary care to protect plaintiff; (3) that a person in the exercise

of ordinary care situated as plaintiff was could not have seen the hole in the platform; (4) that plaintiff did not at any time prior to the accident see the hole in the platform; (6) that at the time of the accident defendant did not know of the defective condition of its platform.

On the verdict the court rendered judgment for plaintiff for $850, from which judgment defendant has appealed.

Defendant assigns as error (1) the action of the court in overruling its motion for an instructed verdict; (2) the overruling of its motion for judgment notwithstanding the verdict.

As hereinbefore stated, the allegations of fact with reference to the injury were that "plaintiff stepped into a hole in a rotten plank or board on said platform, and that his heel went through said hole in said board and that his foot broke through the board." We believe a fair construction of all of plaintiff's testimony upon the trial is to the effect, not that there was a hole in one of the planks of the defendant's platform and that he stepped into said hole, but, that plaintiff stepped on the side of a board in the platform along a crack in the platform, and the side of the board, being rotten, "caved off", or "shelled off", or "sluffed off", as it was variously stated by plaintiff. This construction, we think, naturally and necessarily results from such testimony of the plaintiff as is hereinafter quoted as illustrative of his contention upon the trial:

"Q. Now, at the time you stepped on that board there, what happened to the board, if anything? A. It sluffed off; they was a good board here (indicating) part of my foot hung on and my foot went in that crack. * * *

"Q. Had you seen this particular sluffed off place prior to that time? A. I had noticed a wide crack there; yes sir.

"Q. A wide crack there before this; you had noticed that how long prior to the accident? A. I could not say.

"Q. Can you approximate it? A. I don't remember recalling it only once or twice before then, just glanced at it. * * *

"Q. You did notice, however, that this place was sluffing off on this one particular plank for sometime before the accident occurred, that's right isn't it? A. No sir. I don't remember noticing it—anything particular about it. I just noticed they was an extra wide crack, something like that.

"Q. But you had noticed that crack? A. No, I hadn't noticed the crack there any more than any other cracks there in the platform.

"Q. You noticed it was extra wide? A. It seemed to be about a couple of inches wide, by judging it. * * *

"Q. And you will admit, will you not that generally speaking, Mr. Howell, that the platform was in good strong condition for the purpose for which you were using it? A. Yes sir.

"Q. That's true? A. Yes sir, it looked that way, yes sir.

"Q. And this one place that you did stick your foot into you had noticed that for some little time, that's right? A. Well, there is other cracks on the platform, and it too.

"Q. You had noticed that one there before had you not? A. Well, yes I believe I had noticed it; no more than I had any other cracks in the entire platform, because some cracks in it are two inches wide. * * *

"Q. Was there anything to distinguish the specific crack that broke in with you from any other cracks on the platform? A. No sir, they was not. Just like any ordinary crack, only it seemed to be a little wider, as it shows in that picture.

"Q. Could you tell when you stepped on it that it was likely to cave in with you? A. No sir.

"Q. Had it shivered any before you stepped on it that you could tell? A. Not that I had ever noticed."

A statement made by plaintiff to defendant's claim agent was introduced in evidence by defendant. There are recitals therein indicating that prior to the accident there was a hole in defendant's platform. There is the further recital in plaintiff's said statement that plaintiff had noticed such place "for some time" and the statement "it might be where the wheel of a truck had broken through."

If the whole of plaintiff's testimony should be construed to the effect that prior to his injury there was a hole in defendant's platform, apparently made by the wheels of a truck breaking through the platform, and that plaintiff had noticed the hole for sometime prior to his injury, then, we think, as contended by defendant, recovery by plaintiff is precluded for the reason that "The duty to keep premises safe for invitees applies only to defects

\* \* \* that are not known to the invitee, and would not be observed by him in the exercise of ordinary care. The invitee assumes all normal or necessary risks attendant upon use of the premises and the owner \* \* \* is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers, nor is he liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care." 45 C.J. 837. To the same effect see Burnison v. Souders, 225 Mo.App. 1159, 35 S.W.2d 619, 622; Crump v. Hellams, Tex.Civ.App., 41 S.W.2d 288, 290; 20 R.C.L. 107; Wichita Valley Ry. Co. v. Fite, Tex.Civ.App., 78 S.W.2d 714; Galveston, H. & H. Ry. Co. v. McLain, Tex.Civ.App., 218 S.W. 65; Graham v. F. W. Woolworth Co., Inc., Tex.Civ.App., 277 S.W. 223.

■ Assuming that we have properly construed plaintiff's testimony with reference to the manner and cause of his injury, we find this situation: (1) Plaintiff, who had worked upon this same platform during the fall of 1935 and in 1936 for sometime prior to his injury, did not know of the rotten condition of the plank, and testified that such condition was not noticeable; (2) the defendant did not know of such condition; (3) about September 1, 1936, defendant's attention was called to a defect in said platform; that thereupon the platform was inspected by defendant; that about September 4th this defect was remedied; that about September 8th or 9th the platform was again inspected and no defects therein were apparent or discovered. If said inspections, occurring approximately 19 and 10 days, respectively, prior to plaintiff's injury were insufficient or improper, that fact is not disclosed by the evidence. There is no evidence showing or tending to show what constituted a sufficient or proper inspection of the platform. The evidence is insufficient to show negligence in inspection.

■■ The rotten condition of the board not being apparent, or of such nature that defendant was chargeable with knowledge of said condition and defendant having no actual knowledge of its rotten condition, the only duty shown to be resting upon defendant was the duty of inspection. It performed that duty by inspecting the platform on two occasions shortly prior to plaintiff's injury and by repairing the only defect either apparent, discovered or pointed out to defendant. The inspections were made by walking over the platform and looking at it. If some other method was customary, required or proper, there was no proof of such fact. Negligence in inspection is not shown merely by proof that a board whose exterior, according to plaintiff's testimony, appeared to be sound was in fact rotten. The jury found in answer to special issue No. 3 that defendant could have known of the unsafe condition of the platform "by exercising ordinary care in the inspection of said platform." We think the evidence was insufficient to support the finding. But if such finding has support in allegations and proof, there was no finding that defendant's failure to so inspect constituted negligence, nor that it was the proximate cause of plaintiff's injury.

■ We think the evidence is insufficient to support the finding of the jury that by the exercise of ordinary care defendant could have known of the defective condition of its platform. 10 C.J. 919; it is said: "Limitations of Rule. The carrier's duty is to use reasonable care not to permit the station or platform to become dangerous through defects or obstructions after a reasonable time to discover and repair or remove the same has elapsed. The mere fact of such a defect does not constitute negligence, but the carrier must have had knowledge thereof, or the defect or obstruction must have been of such a character and so long existent that the carrier was chargeable with knowledge thereof and had a reasonable opportunity to repair or guard the same."

■■ Applying the facts of the instant case to the rule thus announced, we conclude that plaintiff has only shown "the mere fact of such a defect." Mere proof of the existence of the defect is not proof of negligence. The evidence shows, and the jury found, that defendant did not know of the defect. Defendant made two inspections of the platform in the month of the injury. The defect was not discovered. That the inspection was not sufficient or proper, if alleged, is not shown. We conclude, therefore, that defendant's motion for an instructed verdict should have been granted. See 45 C.J. 866, 874; Schnatterer v. Bamberger, 81 N.J.L. 558, 79 A. 324, 34 L.R.A.,N.S., 1077, Ann. Cas.1912D, 139; The Fair, Inc., v. Preisach, Tex.Civ.App., 77 S.W.2d 725, 726,

The rotten condition of the board, according to plaintiff's own testimony, was not apparent. The defect was not of such character that defendant was chargeable with knowledge of it. That the two wheeled truck plaintiff was pushing in front of him had, an instant before the accident, crushed the apparently sound exterior of the rotten board would be a reasonable deduction from the evidence. Under such state of the record and in the absence of proof of negligence in the inspections the judgment cannot be sustained. Missouri, K. & T. Ry. Co. v. Jones, 103 Tex. 187, 125 S.W. 309; Wichita Valley Ry. Co. v. Helms, Tex.Civ.App., 261 S.W. 225; Safeway Stores v. Miller, Tex. Civ.App., 110 S.W.2d 927; Great A. & P. Tea Co. v. Logan, Tex.Civ.App., 33 S.W.2d 470, 471; Texas Employers' Ins. Ass'n v. Chocolate Shop, Tex.Civ.App., 30 S.W.2d 416, 419.

We have, after careful consideration, concluded that justice will probably be best subserved by not rendering judgment herein. Associated Oil Co. v. Hart, Tex. Com.App., 277 S.W. 1043; Camden Fire Ins. Co. v. Yarbrough, Tex.Com.App., 215 S.W. 842; Williams v. Safety Cas. Co., Tex.Sup., 102 S.W.2d 178; Reed v. Benjamin State Bank, Tex.Civ.App., 114 S.W. 2d 365.

The judgment is reversed and the cause remanded.