## CAREY et al. v. SMITH.
## No. 2289.

Court of Civil Appeals of Texas. Eastland.

Jan. 15, 1943.

Callaway & Callaway, of Brownwood, for appellants.

F. T. Denny, of Fort Worth, and McCartney, Darroch & McCartney, of Brownwood, for appellee.

LESLIE, Chief Justice.

Mrs. Emma Carey instituted this suit against Hollan L. Smith and Sidney Wright to recover of them damages for injuries suffered by herself and minor daughter and alleged to have resulted proximately from the negligence of Smith and Wright. She, her daughter, Louise, and a girl friend

were guests in an automobile owned by Smith but operated by Wright at the time of the accident. They were going from Cross Plains, Texas, to the country club at Brownwood to attend a dance. Smith and Mrs. Carey occupied the rear seat; and Wright, with Louise next to him and her girl friend, occupied the front seat. Neither Wright nor Smith resided in Brown County.

As the car proceeded, Wright, the driver, was "talking with Louise and petting and was driving with one hand * * * He had one arm around * * * Louise and was trying to kiss her." Neither Mrs. Carey nor Smith said anything to Wright.

At a point in Brown County such conduct was repeated with the result that Wright lost control of the car and it drifted from the road into the abutment of a concrete culvert and seriously injured Mrs. Carey and her daughter.

■ Mrs. Carey predicates her right to a recovery herein on the ground of defendants' failure to discharge their duty to her and her daughter under the guest statute, Art. 6701b, Vernon's Ann.Civ.St. She seeks to hold venue in Brown County as to Wright, the driver, under exception 9, Vernon's Ann.Civ.St. art. 1995—trespass theory, and as to Smith under exception 29a as a necessary party.

■ As stated, Wright was operating Smith's car and the latter was merely occupying a part of the rear seat with Mrs. Carey. The testimony is brief, and we have carefully considered the same. We find no evidence of active or affirmative negligence necessary and essential to constitute a trespass under exception 9 on the part of either defendant and thus fix venue as to either in Brown County. Active negligence as distinguished from passive negligence must be shown. The trial court has so found, and the evidence sustains the judgment on that theory.

To constitute a trespass under exception 9 of said Art. 1995, our Supreme Court held in Connor v. Saunders, 81 Tex. 633, 17 S.W. 236, 238, as follows: "To constitute a 'trespass,' as here used, something more than mere negligence must be shown.

[Texas & P.] Railway Co. v. Mangum, 68 Tex. [342] 345, 4 S.W. 617. The act must be committed willfully, or the injury inflicted intentionally, though, of course, the intent to injure may be presumed from the inflicting of the injury by a wrongful 'act committed,' as contradistinguished from an act carelessly done, or omitted to be done. The act committed must be illegal, though it need not amount to a crime or an offense, for these words are also used in the statute, and embrace penal acts for which an action for damages may be allowed. Nor need the intent to injure be directed towards the plaintiff."

This rule was reaffirmed by the Supreme Court in Meredith v. McClendon, 130 Tex. 527, 111 S.W.2d 1062, 1065, and in this last opinion the court quoted with approval the statement of the rule in McCrary v. Coates, Tex.Civ.App., 38 S.W.2d 393, as follows: "It is well settled that a trespass in the meaning and intent of this statute is not shown by allegation or proof of a nonfeasance or mere negligent omission to perform a duty. To constitute a trespass under this statute there must be an affirmative act of negligence, not necessarily such affirmative act as would be inherently unlawful and constitute a crime or offense against the public, but an affirmative act as distinguished from an omission of duty."

For cases by this court dealing with acts presenting passive, rather than active, negligence and therefore raising no question of trespass under exception 9, see Lawless v. Tidwell, Tex.Civ.App., 24 S.W.2d 515; Metzger Dairies v. Wharton, Tex.Civ.App., 113 S.W.2d 675; Bettis v. Rayburn, Tex. Civ.App., 143 S.W.2d 1011.

Since there is no evidence that either Smith or Wright committed a trespass in Brown County in the meaning of exception 9, then, certainly there are no facts or circumstances in the record calling for application of exception 29a for the purpose of fixing venue therein as to Smith on the theory venue as to Wright was already fixed in Brown County under exception 9.

For the reasons assigned, the judgment of the trial court is affirmed.