## CLINE v. LEWIS.
### No. 5516.

Court of Civil Appeals of Texas. Amarillo.

Feb. 8, 1943.

Simpson, Dorenfield & Fullingim, of Amarillo, for appellant.

Eli Willis and H. G. Bennet, both of Dumas, for appellee.

PITTS, Chief Justice.

Appellee, H. D. Lewis, sued appellant, W. S. Cline, in the County Court of Moore County, Texas, complaining that on or about December 1, 1941, appellant had secured pasturage for several hundred head of his cattle on lands adjoining other lands held by appellee in Moore County, Texas; that appellant permitted some of his said cattle to go upon said land belonging to appellee from about December 1, 1941, to May 1, 1942, and thereupon graze on appellee's wheat that was growing on said land and thus damage appellee's said wheat in the reasonable sum of $575.

Appellant duly and timely filed his plea of privilege to be sued in the county of his residence, to-wit, Potter County, Texas. Appellee in due time filed his controverting affidavit incorporating in same and making a part thereof his original petition alleging a trespass in Moore County, Texas such as would constitute venue under article 1995, section 9, Vernon's Annotated Civil Statutes. The trial court heard only the issues joined on the question of plea of privilege and overruled the same from which this appeal is prosecuted.

Appellant contends that the controverting affidavit and evidence of appellee are both insufficient to support his claim of venue in Moore County, Texas, by reason of a trespass committed by appellant in said county and that the trial court erred in overruling his plea of privilege. Appellee pleads in his original petition and controverting affidavit "that about the 1st of December, 1941, the defendant, W. S. Cline, had secured pasturage for some several hundred head of cattle on the lands adjoining the land held by the plaintiff herein. That shortly after the 1st of December, 1941 these cattle began to trespass on the lands of the plaintiff herein and to graze his wheat." He further alleged that appellee complained about the matter to the man caring for the cattle but nothing was done about it; that he was damaged in the sum of $575 and that such constituted a trespass in Moore County, Texas.

Appellee was the only witness to testify and his testimony was, in substance, to the effect that when he first noticed appellant's cattle they were grazing on his (appellee's) wheat about December 1, 1941; that when he first noticed these cattle on his land there was a fence between his land and the land leased by appellant; that the fence between appellee's land and the land leased by appellant was torn down; that probably the cattle tore the fence down; that he saw the cattle on his land several times up to May 1, 1942; that he com-

plained about the matter to the man who was caring for the cattle; that he discussed with appellant the fact that appellant's cattle were on appellee's land and appellant told him to get in touch with Mr. Ledwig, the man that owned the wheat where appellant was pasturing his cattle; that appellant said it looked to him like it would be up to Mr. Ledwig to keep the fences in repair and pay any damage that might be done to appellee as a result of the cattle grazing appellee's wheat; that appellant admitted that the cattle in question belonged to him; that he, appellee, had never seen appellant on appellee's place nor on the place where appellant was pasturing his cattle.

Article 1995, Vernon's Annotated Civil Statutes of Texas, provides: "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases."

Subdivision 9 of said article provides: "A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile."

[1, 2] Texas Jurisprudence, Vol. 43, page 735, section 22, provides: "A 'trespass,' within the meaning of subdivision 9 of R.S. art. 1995, includes injuries to persons or property resulting from wrongful acts, either wilfully inflicted or the result of affirmative, active negligence upon the part of the wrongdoer, as distinguished from injuries that are the result of a mere omission of duty."

If venue is claimed under statute providing that suit based on trespass may be brought in the county where such trespass was committed rather than in the county where the defendant has his domicile, there is a well established rule that the trespass must be of an active nature as contra-distinguished from a mere omission to do some particular thing. To constitute trespass within the venue statutes, there must be a pleading and proof either of a wilful or an affirmative act of negligence; such acts must have been wilfully or intentionally committed and not acts carelessly done or omitted to be done. Goodrum v. Hobbs, Tex.Civ.App., 60 S.W.2d 298; Metzger Dairies v. Wharton, Tex.Civ.App., 113 S.W.2d 675; Jarvis-Tull & Co. v. Williams, Tex.Civ.App., 114 S.W.2d 1218; Allison et al. v. Victoria Bank & Trust Co., Tex.Civ.App., 138 S.W.2d 151, and many other cases, including Lusk v. Onstott, Tex.Civ.App., 161 S.W.2d 819, by this court in which the same rule was laid down in a trespass on land case.

Article 2007, Revised Statutes 1925, Vernon's Ann.Civ.St. art. 2007, requires a controverting plea to be "under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending." The only allegation appellee has on the question of trespass in this case is "that shortly after the 1st of December, 1941 these cattle began to trespass on the lands of the plaintiff herein and to graze his wheat." Such an allegation is not a specific allegation of the facts relied upon to confer venue but such is a mere legal conclusion of the pleader and is insufficient under a long list of authorities. Bramblett et al. v. Roby State Bank, Tex.Civ.App., 67 S.W.2d 450; Texas Acceptance Corporation v. Strickland, Tex.Civ.App., 91 S.W.2d 1179, and numerous other authorities.

Appellee has asked that in case this court holds that a trespass was not alleged, the court should reverse and remand and allow the appellee to amend his controverting affidavit and petition in the trial court and set out specifically the facts relied upon to confer venue on the County Court of Moore County. Such may be done in case the testimony shows a trespass and only the pleadings are insufficient to support a trespass. But in this case neither the pleadings nor the testimony show any duty or responsibility on the part of anybody to keep up the fence between the lands in question and thus keep appellant's cattle off of appellee's land; appellant is not charged with any kind or character of negligence in either the pleadings or the evidence and certainly no affirmative or wilful acts of negligence. This court holds that neither the pleadings nor the testimony of appellee support venue in this case. Therefore, this cause is reversed and remanded with instructions to the trial court to transfer the case to the County Court of Potter County, Texas.