## JACKSON et al. v. OVERBY.
### No. 2498.

Court of Civil Appeals of Texas. Eastland.
Jan. 26, 1945.

Rehearing Denied Feb. 23, 1945.

Collins, Jackson, Snodgrass & Blanks, of San Angelo, for appellants.

Morris G. Watson, of Roby, for appellee.

LONG, Justice.

This action for damages was filed in the County Court of Fisher County by the plaintiff, Clint Overby, against the defendants, P. H. Jackson of Tom Green County, W. M. Jackson of Reagan County, and Roy Spires of Nolan County, individually and as a partnership. The parties will be referred to herein as in the trial court.

Plaintiff alleged that on or about September 14, 1943, he was a tenant in possession of certain lands in Fisher County, and that he had growing upon such land a crop of cotton, hegari and maize, and that the defendants were the joint owners of a considerable number of cattle which normally grazed upon the land adjoining plaintiff's property, and that plaintiff had a good four wire fence around said field capable of turning ordinary animals, but that defendants' cattle broke into the land of plaintiffs and destroyed his crops. That there was a stock law prohibiting the running at large of cattle in Fisher County, and that the defendants permitted the said cattle to roam at large and made no effort to restrain them, and negligently and unlawfully permitted them to run at large and break into and damage plaintiff's crops. Plaintiff also alleged that he requested defendants to take such steps as were neces-

sary to prevent the re-occurrence of such offense, but that the defendants failed and refused to do anything and refused to drive such cattle off of plaintiff's premises.

Each defendant filed a separate plea of privilege to be sued in the county of his residence. Plaintiff controverted each plea and attached to his controverting affidavits his second amended original petition and made the petition a part of such controverting affidavits, and sought to hold venue in Fisher County under Article 1995, exception 9, Revised Civil Statutes of Texas, on the grounds that the defendants had committed an offense against the stock laws of the State and a trespass in Fisher County.

Prior to the trial on the merits a hearing was had upon such pleas of privilege before the court without a jury, and the court, after hearing the evidence, overruled such pleas, to which action defendant duly excepted. Thereafter, the case was tried upon its merits before the court with the aid of a jury, and, based upon the findings of the jury, a judgment was entered against defendants in favor of the plaintiff in the sum of $500. Upon the overruling of a motion for new trial, defendants gave notice of appeal to this court.

■ Upon the trial of the pleas of privilege the plaintiff, Clint Overby, was the only witness offered by the plaintiff. The defendants offered no testimony. The plaintiff testified he had read the controverting affidavits and his second amended original petition in this case, and that the allegations contained therein were true and correct. The defendants objected to the admission of such testimony upon the grounds that it called for an opinion and conclusion of the witness and necessarily required the witness to place his own interpretation upon the effect of the allegations in said pleadings and invaded the province of the court trying the case, and that the witness should be required to testify as to the specific facts, rather than to his conclusion that such pleadings properly stated the facts. We are of the opinion that such evidence was inadmissible and that the objections thereto should have been sustained.

With that portion of plaintiff's testimony excluded, we must then consider the other evidence and ascertain whether or not it is sufficient to sustain the court's action overruling the pleas of privilege.

In order for plaintiff to sustain venue in Fisher County, it would be necessary for him to show that the defendants violated the stock laws or that they committed a trespass in Fisher County. In an opinion by the San Antonio Court of Civil Appeals in Thomas v. Meyer, 168 S.W.2d 681, which was thereafter approved by the Supreme Court in Mercer v. McCurley, 176 S.W.2d 923, the court said:

"As to the character of the action and by way of summary, the holding of this Court is that in order to make applicable the 'crime' clause of exception 9 of Article 1995, the suit alleged in plaintiff's petition must be one in which the basis of liability of the defendant to the plaintiff is some act or omission for which act or omission the defendant is liable to punishment under the Penal Code." [168 S.W.2d 686.]

Article 1369 of Penal Code provides as follows:

"Whoever shall wilfully turn out or cause to be turned out on land not his own or under his control or wilfully fail or refuse to keep up any stock, prohibited by law from running at large in any county or subdivision of any county in which the stock law has been adopted, or wilfully allow such stock to trespass upon the land of another in such county or subdivision thereof, or wilfully permit to run at large any stock of his own, or of which he is the agent or of which he has the control, and not permitted to run at large in any county or subdivision of any county in which the stock law has been adopted, shall be fined not less than five nor more than fifty dollars."

Article 1370 of the Penal Code is as follows:

"Whoever shall knowingly permit any horses, mules, jacks, jennets, and cattle to run at large in any territory in this State where the provisions of the laws of this State have been adopted prohibiting any of such animals from running at large shall be fined not less than five nor more than two hundred dollars."

■ We understand that a necessary element of the offenses defined above is an intention to do the act complained of or such negligence as is tantamount to a wilful act. 39 Tex.Jur. 373. As said by Judge Williams in Texas & P. Ry. Co. v. Webb, 102 Tex. 210, 114 S.W. 1171, 1173:

"While the stock law is intended to require owners to confine animals, the run-

ning at large of which is prohibited, and one who permits them to run at large violates the law, it is true, nevertheless, that such animals may often escape without fault on the part of their owners, when the latter will be guilty of no offense against the law."

In Phinney v. State, 59 Tex.Cr.R. 480, 129 S.W. 628, it was held that the court erred in refusing to instruct the jury that they acquit the defendant if they believed he had stock in his enclosure and had reason to believe the same was sufficient to hold them and they escaped without his knowledge and consent and he used reasonable diligence to keep them from running at large.

■ We have made a careful examination of the statement of facts in this case. The evidence shows that plaintiff's field on which he had his growing crops was surrounded by the pasture land of the defendants. The plaintiff plead he had a good four wire fence capable of turning ordinary cattle around his field, that he built the fence and at all times while he was living on the land he had been keeping the fence in repair. That the defendants had furnished him with posts for repairing the fence. He further testified that the foreman of the defendants had been trying to keep the cattle out of his field, and that part of the time he did keep them out and that at other times he could not keep them out of the fields. That the cattle had broken into his field several times during the year 1943. That there was no green in the pastures, and that they (the cattle) would break through into the fields.

Under the evidence we believe the plaintiff failed to show the necessary elements of a violation of the stock law.

Upon the question of trespass it would be necessary for the plaintiff to show that the defendants were guilty of active negligence, not some mere passive negligence or omissions of duty. We are of the opinion the evidence fails to show such trespass, citing in support thereof Meredith v. McClendon, 130 Tex. 527, 111 S.W.2d 1062; Carey v. Smith, Tex.Civ.App., 168 S.W.2d 889; Cline v. Lewis, Tex.Civ.App., 168 S. W.2d 705.

Defendants contend that the proof offered is insufficient to show that the stock law was in effect in Fisher County. We have given this question considerable thought and study and have some doubt as to the sufficiency of such proof, but in view of the fact that this case must be reversed upon another ground, we do not pass directly on this point.

Because the evidence is insufficient to show a crime or trespass committed in Fisher County, we reverse the judgment, and believing the case was not fully developed, we remand the cause for a new trial.

On Motion for Rehearing.

Appellants filed a motion for rehearing in this cause, asking the court to set aside the judgment reversing and remanding this cause for a new trial, and asking the court to enter a judgment reversing the judgment of the lower court and rendering this cause in favor of appellants, or, in the alternative, to reverse and render the same on the question of venue, with instructions to the lower court to enter a proper order changing the venue. In the light of this motion, we have again carefully reviewed the record in this case, and we are of the opinion that we made the correct disposition of the same in our original opinion.

■ As stated in our original opinion, the appellants challenged the sufficiency of the proof to show that the stock law was in effect in Fisher County. We did not deem it necessary to pass directly upon this question. However, after mature and deliberate consideration, we are of the opinion that the proof offered by the plaintiff in the court below was insufficient to show that the stock law was in effect in Fisher County. Plaintiff offered in evidence an order of the Commissioners Court canvassing the returns of the election and the county judge's proclamation declaring said law to be in effect.

The cause seems to have been tried on the theory that the Commissioners Court could tabulate and count the votes. Such tabulation did not meet the requirements of the law. King v. State, Tex.Cr.App., 74 S.W. 773; Texas Electric Railway v. Reese, Tex.Com.App., 280 S.W. 179.

Article 6961 of the Revised Vernon's Ann.Civ.St., provides as follows:

"The returns shall be opened tabulated and counted by the county judge in the presence of the county clerk and at least one justice of the peace of the county, or of two respectable freeholders of the county, and an order showing the result shall be duly recorded in the minutes of the commissioners court in the said county.

768

The order showing the result of said election this (thus) determined, certified and recorded, shall be held to be prima facie evidence that all the provisions of law have been complied with in presenting the petition, the action of the court thereon ordering the election, the giving of notice and holding said election, and in counting and returning the votes and declaring the result thereof, and, if said election be then declared to be in favor of the stock law, then after thirty days from said date, it shall be prima facie evidence that the proclamation required by law has been made and published as required by law."

There is no showing in this record that the returns of the election were opened, tabulated and counted by the county judge in the way and manner provided in said Article 6961. If upon another trial such an order is not introduced in evidence by the plaintiff, we are of the opinion that the pleas of privilege filed herein should be sustained.

Appellants earnestly insist that we render judgment herein in their behalf, but after a careful and thoughtful consideration, we are of the opinion that the ends of justice will be better subserved by remanding the cause for a new trial, both upon the merits and the pleas of privilege. Associated Oil Co. v. Hart, Tex.Com.App., 277 S.W. 1043; Texas & P. Ry. Co. v. Howell, Tex.Civ.App., 117 S.W.2d 857; Ohio Oil Co. v. Varner, Tex.Civ.App., 150 S.W.2d 185.

From Associated Oil Co. v. Hart, supra [277 S.W. 1045], we quote:

"It is the rule, where a judgment has been reversed, to remand to the trial court rather than to render, where the ends of justice will be better subserved thereby. Such remanding has often been ordered to supply additional testimony, to amend the pleadings, and even to show jurisdiction."

As said by Judge Brewster in London Terrace v. McAlister, Tex.Sup., 180 S.W.2d 619, 621:

"Our decisions show that causes have been remanded after a reversal rather than rendered, when the case was tried on the wrong theory, when the evidence was not fully developed, when issues raised by the pleadings were not passed on, when the findings of fact were insufficient, when there were defects in pleading or in parties, or when it seemed probable that the ends of justice would be better subserved

thereby. See 4 Tex. Dig. Appeal and Error, ☞1177 et seq."

Appellant's motion for rehearing is in all things overruled.