**WILKINSON v. PASCHALL.**

No. 2634.

Court of Civil Appeals of Texas. Eastland.

March 26, 1948.

216

Blanton & Blanton, of Albany, for appellant.

Tom M. Miller, of Graham, for appellee.

GRISSOM, Chief Justice.

J. Brice Wilkinson and wife were riding in an automobile on a State Highway when there was a collision between their automobile and a cow belonging to Roy Paschall. Wilkinson sued Paschall for damages caused by that collision. Plaintiff alleged "there was in force and effect in Throckmorton County, Texas, a law which prevented cattle * * * from running at large upon said fenced public highway, and which law forbade owners of cattle from allowing their cattle to run at large upon such highway;" that Paschall had for some time prior to the collision "knowingly permitted * * * his cattle to run at large on said public highway," and that defendant had "purposely arranged his pasture fence abutting on said highway * * * so that his cattle could leave his pasture and

go through his fence * * * upon * * * said highway * * *." Defendant filed, among other things, a general denial. He alleged various acts of contributory negligence by plaintiff and that plaintiff was under the influence of intoxicating liquor at the time of the collision. Upon a trial to the court without a jury, judgment was rendered for defendant and plaintiff has appealed.

Appellant's second, third, fourth, fifth, sixth and tenth points are as follows:

"Second Point: The error of the Court in holding that it was necessary for plaintiff to prove that a stock law had been lawfully passed by Throckmorton County prohibiting livestock from running at large, since in 1935 an applicable State-wide law was passed.

"Third Point: The error of the Court in holding that under Section 1 of Art. 1370a [Vernon's Ann.P.C.], Acts 1935, 44th Leg. p. 467, ch. 186, it was necessary for plaintiff to prove that the defendant 'knowingly' permitted his cow to roam at large unattended on the right-of-way of a designated State Highway inclosed by fences on both sides.

"Fourth Point: The error of the Court in holding that under the above State-wide Stock law passed by the Legislature in 1935, it was necessary for plaintiff to prove that the defendant 'wilfully' permitted his cow to roam at large unattended on the right-of-way of a designated State Highway inclosed by fences on both sides.

"Fifth Point: The error of the Court in holding that because it is a criminal statute, a violation of Section 1 of Art. 1370a, Acts 1935, 44th Leg. p. 467, ch. 186 could not be considered as an act of negligence in a civil suit for damages where defendant permitted his cow to roam at large unattended on the right-of-way of a designated State Highway inclosed by fences on both sides, thereby causing a collision with plaintiff's automobile and consequent injuries to plaintiff's wife.

"Sixth Point: The error of the Court in holding that it was necessary for plaintiff to establish by direct evidence that defendant had a 'wilful intent' to permit his cattle to roam at large unattended on the

right-of-way of a designated State Highway inclosed by fences on both sides."

"Tenth Point: The error of the Court in basing his judgment in this case upon the decision in Jackson et al. v. Overby, Tex. Civ.App., 185 S.W.2d 765, which is wholly inapplicable to the law and facts of this case."

■ Findings of fact and conclusions of law were not filed by the trial court, nor were they requested by appellant. We cannot consider the points quoted because the record does not show that the trial court held or did the things complained of therein. In the back of appellant's brief is found what appears to be a photographic copy of a letter from the trial judge to the attorneys in which he informs them that judgment will be rendered for the defendant, and in which it is indicated that his decision is based upon the case of Jackson v. Overby, Tex.Civ.App., 185 S.W.2d 765. The judgment recites that at the conclusion of the trial, the court took the case under advisement and after consideration "under the authority of Jackson et al. v. Overby, Tex.Civ.App., 185 S.W.2d 765, *and all other cases submitted on the subject matter of this suit* is of the opinion that the defendant is entitled to a judgment that the plaintiff take nothing by this suit, which judgment is accordingly rendered by the court * * *." (Italics ours.)

We have no authority to consider the letter mentioned. If appellant wanted to complain of the holdings of the court, it was incumbent upon him to request findings of fact and conclusions of law by the trial court and have them included in the record on appeal so that this court might know what the court held and the basis for the judgment rendered.

Judge Gaines in Johnson v. Archibald, 78 Tex. 96, 14 S.W. 266, 268, 22 Am.St.Rep. 27, said:

"At all events, there being no conclusion of fact and law found in the record, if the evidence is sufficient to support the judgment upon any defense presented in the case, it is to be presumed that the court found in favor of the defendants upon that issue."

Our Supreme Court in Davis v. Magnolia Petroleum Co., 134 Tex. 201, 209, 134 S.W.2d 1042, quoted the foregoing statement with approval. The following decisions are to the same effect: City of West University Place v. Ellis, 134 Tex. 222, 225, 134 S.W.2d 1038; Texas Creosoting Co. v. Hartburg Lumber Co., Tex.Com. App., 12 S.W.2d 169; Patrick v. Simpson, Tex.Civ.App., 168 S.W.2d 315, 316 (writ ref.); Smith v. Fishback, Tex.Civ.App., 123 S.W.2d 771, 773 (writ ref.); Haden Employees' Ass'n. v. Lovett, Tex.Civ.App., 122 S.W.2d 230, 233 (writ ref.); Boyd v. Keystone Driller Co., Tex.Civ.App., 6 S.W.2d 221, 223 (writ ref.); Williams v. Henderson County Levee Improvement Dist. No. 3, Tex.Com.App., 36 S.W.2d 204, 205; Vick v. Duggan, Tex.Civ.App., 143 S.W.2d 1010, 1011; Gibson v. Henderson, Tex.Civ.App., 136 S.W.2d 634, 635; Miller v. State, Tex. Civ.App., 155 S.W.2d 1012, 1015; Hooven Radiator Co. v. Little Motor Kar Co., Tex. Civ.App., 291 S.W. 313, 314; Indian State Oil Co. of Texas v. McCutchen, Tex.Civ. App., 183 S.W.2d 692 (writ ref.); Commercial Credit Corp. v. Smith, 143 Tex. 612, 616, 187 S.W.2d 363.

■ In Morris v. Alworth, Tex.Civ.App., 32 S.W.2d 238, this court held that the burden is upon an appellant to affirmatively show error in the judgment and that reversible error is not made apparent by a showing that one of several grounds on which a judgment could have been based was untenable without showing that all grounds for the judgment were untenable.

In Hart v. Huie, Tex.Civ.App., 15 S.W.2d 654, 655 (writ dis.), the San Antonio Court of Civil Appeals said:

"Although the testimony and issues were voluminous, there are no findings of fact or conclusions of law by the trial court, and none seems to have been requested by either party. From this condition of the record arises the presumption that there was evidence to support every fact essential to sustain the judgment, and that the trial court resolved these facts in favor of appellee. By appealing upon such record appellant has assumed the burden of pointing out undisputed facts negativing one or

more presumed findings essential to the validity of the judgment or of pointing out the absence of evidence to support su~h findings. We have reached the conclusion that appellant has failed to meet this burden, and that the judgment must be affirmed."

The foregoing points must, therefore, be overruled.

Appellant's first point is as follows:

"The error of the Court in rendering judgment for the defendant, the undisputed evidence showing that defendant permitted his black muley 900-pound cow to roam at large unattended on the right-of-way of a designated State Highway inclosed by fences on both sides, and that the collision of plaintiff's automobile with defendant's cow was without fault of plaintiff and was the proximate cause of the wreck of his car and injuries inflicted upon plaintiff's wife and his consequent damages."

 · We cannot agree with the statement that "the undisputed evidence shows that defendant permitted his black muley 900-pound cow to roam at large unattended on the right-of-way * * *." See National Hotel Co. v. Motley, Tex.Civ.App., 123 S.W.2d 461, 466. There was evidence from which the court could have concluded that appellee on the day of the collision had the cow in question confined in his pasture with a good fence. That on the night of the accident the fence was broken by bulls fighting through the fence and said cow was thus enabled to escape from defendant's pasture and get on the highway without any fault of the defendant. Although there was evidence that might have supported a contrary conclusion, in the absence of findings of fact we are required to presume that the court found the facts in such manner as to support the judgment. Under such presumed findings, Paschall was not guilty of violating Art. 1370a, nor was he guilty of negligence.

 Appellant's Twelfth point is that the court erred in overruling plaintiff's motion to enter an order that his request for admission of facts Nos. 9, 16, 17, 18, 19, 20, 23, and 24 be taken as confessed because defendant "failed and refused to either admit or deny the same as he was required to do by Rule 169, but improperly interjected thereto irresponsive, untrue and slanderous statements wholly unwarranted by such Request and the law."

Appellant's request for admission No. 9 was:

"On the night of October 3, 1946, there was good grazing for cattle along the right of way of said public Highway No. 24, adjacent to your said pasture."

Appellee's answer to said question was:

"I don't recall going on Highway Number 24 on the night of October 3, 1946."

Whether or not there was good grazing for cattle on said highway was altogether immaterial. Appellant could not have been injured by said answer for the reason that the undisputed evidence shows that appellee's cow was on the highway on the night of October 3rd, and was killed there by a collision with appellant's automobile.

Question 16 was:

"In your whole life you have never seen J. Brice Wilkinson take a drink of whiskey."

Appellee's answer was:

"I have never been associated with or around J. Bryce Wilkinson and was not acquainted with him until 14 days after *he got drunk and run over the cow* on the night of October 3d, 1946."

The italicized portion of the answer was not responsive to the question asked; such portion of the answer was improper and was shown upon the trial of the case to be hearsay. The other answers complained of involve substantially the same improper statement. Appellee could not have been injured by said improper answers unless it resulted in appellant being required to pay more costs by virtue of fees paid to witnesses who attended court to testify as to the sobriety of appellant. See Texas Rules of Civil Procedure, rule 170. Assuming appellant was entitled to the benefit of said rule, the record shows no attempt to obtain its benefits. All of the testimony was to the effect that appellant was not only sober at the time of the collision, but that he was a total abstainer. Appellee admitted that he knew nothing to the contrary.

 Appellant's remaining points complain of the action of the court in permitting appellee, over appellant's objection,

to prove that a witness (11) "said something to plaintiff about going up and notifying Roy Paschall his cow was killed;" (13) that horses had been seen running on the highway opposite appellee's pasture; (14) that on the day after the cow was killed, it was "70 odd feet from where the first glass was to where the cow was laying;" (15) and permitting appellee's counsel to ask him the question: "You came from your house along this country road to the highway;" (7) permitting appellee to testify that he did not know "of his own knowledge whether there ever was any stock law election held in Throckmorton County" and (8) did not know on "the night of October 4, 1946." None of these points present reversible error. Futhermore, in the absence of a showing by appellant to the contrary, we are compelled to presume that in a trial to the court without a jury, the court did not consider any improper evidence introduced. We have no authority to pass upon questions not presented. Wisdom v. Smith, Tex.Sup., 209 S.W.2d 164. Reversible error is not shown.

The judgment is affirmed.